**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Laurence May, Esq. (LM-9714)
Leo V. Leyva, Esq. (LL-9061)
Greg A. Friedman, Esq. (GF-4506)
Attorneys for Defendants, Bodden Funding
Corp., Jay Irgang, Mark Irgang and Orli
Irgang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 05-10987 (RDD) |
| MAYWOOD CAPITAL CORP., *et al.*, | (Jointly Administered) |
| | Case Nos. 04-17047, |
| Debtors. | 05-10944 to 05-10987 |

-------------------------------------------------------x   05-11521, 05-11523 and 05-1778 (RDD)

| | |
|---|---|
| JOHN S. PEREIRA, as Chapter 11 Trustee | |
| of 77 EAST 125TH STREET REALTY LLC., | Adversary Proceeding No. |
| | 07-01521 (RDD) |
| Plaintiff, | |
| | |
| v. | |
| | |
| BRT REALTY TRUST, KENNEDY | |
| FUNDING, INC., BODDEN FUNDING | |
| CORP., JAY IRGANG, MARK IRGANG | |
| and ORLI IRGANG, | |
| | |
| Defendants. | |

-------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BODDEN FUNDING**
**CORP., JAY IRGANG, MARK IRGANG AND ORLI IRGANG FOR AN ORDER**
**DETERMINING CERTAIN ADVERSARY PROCEEDINGS TO BE NON-CORE**
**<u>PROCEEDINGS AND WITHDRAWING THE REFERENCE</u>**

42232/0010-1473813v1

**INTRODUCTION**

Bodden Funding Corp. ("Bodden"), Jay Irgang, Mark Irgang and Orli Irgang (the "Irgangs," and with Bodden, collectively the "Bodden Defendants" or the "Bodden Group") submit this Memorandum of Law in support of their motion pursuant to 28 U.S.C. § 157(b)(3) and 28 U.S.C. §157(d) seeking: (1) an Order determining that this adversary proceeding and nine (9) separate but related adversary proceedings,[1] are "non-core" proceedings; and (2) an Order withdrawing the reference of these adversary proceedings from the bankruptcy court. All ten (ten) adversary proceedings were commenced by John S. Pereira, the Chapter 11 trustee ("Plaintiff" or the "Trustee") appointed in the underlying bankruptcy cases.

The adversary complaints are largely clones of one another and contain the same claims for relief. While they purport to assert multiple claims for relief, the basic thrust of each complaint is that certain mortgages placed on property formerly owned by the entities for which Mr. Pereira was appointed trustee ("the Adversary Debtors"), in some instances years before the bankruptcy proceedings were commenced, constituted fraudulent transfers of interests in property of the Adversary Debtors. The Plaintiff also seeks a judgment declaring certain transfers of these mortgages from prior mortgagees to Bodden to be fraudulent transfers of interests in property of the Adversary Debtors' estates, voidable under sections 548, 550 and 551 of the Bankruptcy Code and various sections of New York's Debtor and Creditor Law. As demonstrated below, the claims for relief in the complaints are "non-core," and give rise to the

---

[1] The adversary proceedings to which this motion applies are listed in Appendix A to this Memorandum.

Bodden Group's constitutional right to trial by jury. These adversary complaints can be adjudicated far more efficiently by the District Court.[2]

The adversary complaints confirm that the claims for relief neither "arise in" nor "arise under" the Bankruptcy Code. Therefore, if the bankruptcy court has any jurisdiction over these matters, it is "related to" jurisdiction as provided in 28 U.S.C. § 1334(b). As such, the adversary proceedings are non-core. That critical fact, combined with the Bodden Group's valid demand[3] for trial by jury and their forthcoming substantive motion to dismiss, warrant withdrawal of the reference at this junction.

Moreover, judicial economy favors the granting of the Bodden Group's motion and the withdrawal of the bankruptcy reference. The District Court, unlike the bankruptcy court, has jurisdiction to enter final orders with respect to the Bodden Group's forthcoming motions to dismiss. Any rulings by the bankruptcy court on those motions would be subject to the District Court's de novo review. This Court, therefore, should grant the Bodden Group's motion and enter an Order withdrawing the reference.

## BACKGROUND FACTS

On March 24, 2005, the bankruptcy court entered orders appointing the Plaintiff Chapter 11 trustee for Maywood Capital Corp. ("Maywood") and 46 of its affiliated entities, including the ten Adversary Debtors on whose behalf the Plaintiff has brought these adversary

---

[2] Shortly, and before the return date of this motion, the Bodden Group shall file a motion to dismiss these complaints on multiple grounds including that the bankruptcy court lacks subject matter jurisdiction and that they fail to state claims for relief against the Bodden Group.

[3] On April 12, 2007, the Bodden Group filed their answers which included demands for trial by jury.

proceedings.[4]  The Chapter 11 petitions for these Adversary Debtors were all filed on

February 19, 2005 (the "Petition Date"), and are being jointly administered under the caption of

"In re Maywood Corp. et al.", Case No. 05-10987, before the Honorable Robert D. Drain.

Bodden is the holder of certain mortgages on twelve (12) properties, ten (10) of which

were formerly owned by the Adversary Debtors.  Bodden acquired these mortgages for the most

part from either one of two unrelated lenders, Kennedy Funding, Inc. ("Kennedy") or

BRT Realty Trust ("BRT").  (See, e.g., Exhibit A to May Affidavit at ¶ 4).  The Irgangs also

have been individually named as defendants in seven (7) of the adversary proceedings based

upon a single "information and belief" allegation that they have "asserted that they received a

transfer of a mortgage from [a debtor]" with respect to property which the debtor at one time

owned, but sold before the Petition Date.[5]  (See, e.g., Exhibits A, B, C, D, F, G and H to May

Affidavit ¶ 3).

On or about February 16, 2007, almost two years after the Petition Date, the Trustee

initiated these adversary proceedings.  Although the adversary complaints contain certain "debtor

specific" or "transfer specific" allegations (e.g., the date and amount of the original mortgages,

the identity of the original mortgagees, the dates of recording of the mortgages) each complaint

---

[4]  See the affidavit of Laurence May, sworn to on April 13, 2007 (the "May Affidavit")
submitted simultaneously herewith in support of the motion.  The adversary complaints are
attached as Exhibit A through J to the affidavit and the facts relevant to the motion are drawn
from the complaints, which for purposes of this motion only, are deemed accurate.

[5]  In their answers dated April 12, 2007, the Irgangs deny having ever received any
mortgages from any Adversary Debtor.  Because the adversary complaints seek to void phantom
mortgages on property not currently owned by the Adversary Debtors, the claims alleged against
the Irgangs are frivolous.  For example, in one of the adversary proceedings, John S. Pereira as
Chapter 11 Trustee of 917 Eagle Avenue Realty Corp. v. Jay Irgang, Mark Irgang and Orli
Irgang, the Trustee seeks to avoid a mortgage on property formerly owned by the Adversary
Debtor upon the "information and belief" allegation that the Irgangs have asserted that they
"received a transfer of a mortgage from the Debtor" (See May Affidavit, Exhibit F, ¶ 12.)

4

is substantially the same.[6]  The Trustee characterizes the complaints as actions "to avoid and recover fraudulent conveyances of property of the debtor."  (See May Affidavit, Exhibit A, ¶ 1).  The Trustee, however, fails to identify the particular properties that were allegedly transferred.  In nine (9) of the ten (10) adversary complaints, the Trustee asserts the same seven (7) claims for relief against the Bodden Defendants.  (See Exhibit K to May Affidavit).

The first and second counts of each complaint purport to be brought pursuant to sections 548, 550 and 551 of the Bankruptcy Code and seek to set aside the assignments by which Bodden acquired the mortgages from prior mortgagees on the grounds that these purported transfers were fraudulent conveyances of an Adversary Debtor's property.  The third through sixth counts of each complaint are brought under different sections of New York's Debtor and Creditor Law.  In each of these counts, the Trustee alleges that mortgages granted by the Adversary Debtors to various mortgagees, primarily but not exclusively BRT and Kennedy, as well as the assignment of those mortgages to Bodden, were fraudulent conveyances of an interest in property of the Adversary Debtor, citing sections 273 through 276 of New York's Debtor and Creditor Law.

In connection with these claims, Plaintiff alleges either (1) the debtor did not receive fair consideration for the mortgage or the assignment, and was insolvent or became insolvent as a result thereof; (2) the debtor did not receive fair consideration for the mortgage or the assignment and was engaged or about to engage in business for which its remaining property was unreasonably small; (3) the mortgages and assignments were made with actual intent to hinder, delay and/or defraud the debtor's creditors; and (4) the debtor did not receive fair consideration

---

[6] To assist the Court, the Bodden Group has provided a summary chart of the complaints which is attached as Exhibit K to the May Affidavit.

for the mortgages or the assignments and at the time of the mortgages or assignments, the debtor "incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature." (See, e.g., Exhibit A to the May Affidavit ¶¶ 32, 36, 37, 40, 45, 50, 54, and 55; see also Exhibit K).

On each of these six claims, the Plaintiff seeks the exact same relief. He asserts on entitlement to a final order: (1) "avoiding and preserving" the mortgages and assignments of mortgages described in the complaint; (2) directing these mortgages and mortgage assignments be set aside or (3) alternatively, awarding him "the value of these transfers." (See, e.g., May Affidavit, Exhibit A ¶¶ 33, 38, 43, 48, 52 and 57; see also Exhibit K). The complaints do not set forth any allegations with respect to how a bankruptcy court can avoid a mortgage on property not owned by a debtor, nor do they reference any statutory authority for that type of relief.

The final claim for relief alleged by the Trustee in certain of the complaints seeks, pursuant to section 510(c) of the Bankruptcy Code, to subordinate Bodden's claims against each Adversary Debtor. To say the least, this is an unusual claim in that Bodden has not filed any proofs of claim in the bankruptcy cases.

## POINT I

### THESE ADVERSARY PROCEEDINGS ARE NON-CORE PROCEEDINGS THAT SHOULD BE ADJUDICATED BY THE DISTRICT COURT

Under 28 U.S.C. § 157(b)(3), a court, on its own motion or upon timely motion of a party "shall determine … whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." Under 28 U.S.C. § 157(d), bankruptcy judges may hear non-core proceedings that are "otherwise related to a case under title 11," but may not enter any final orders or judgments. In such cases, bankruptcy judges "may submit proposed findings of fact and conclusions of law to the district court, and any final

6

order or judgment shall be entered by the district judge after considering the bankruptcy judge's

proposed findings and conclusions and after reviewing <u>de novo</u> matters as to which an objection

was made."

In <u>Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion Pictures)</u>, 4 F.3d

1095 (2d Cir. 1993) (hereinafter "<u>Orion</u>"), the Second Circuit instructed that a "district court

considering whether to withdraw the reference should first evaluate whether the claim is core or

non-core, since it is upon this issue that questions of efficiency and uniformity will turn."  When

determining whether a matter is core or non-core, the Second Circuit has ruled that "[t]he

relevant analysis is whether the nature of [the] adversary proceeding, rather than the state or

federal basis for the claim, falls within the core of federal bankruptcy power." <u>In re CIS Corp.</u>,

172 B.R. 748, 756 (S.D.N.Y. 1994)(quoting <u>In re Manville Forest Products Corp.</u>, 896

F.2d 1384, 1389 (2d Cir. 1990)).  In <u>CIS Corp.</u>, the court stated that its determination of the

core/non-core issue will require that it "look beyond the labels to the substance of the action in

order to discover whether it can be fairly said to arise under the bankruptcy code and falls within

the bankruptcy court's core jurisdiction."  <u>Id.</u>

Core proceedings are matters which invoke "a substantive right provided by title 11 or is

a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  <u>In re</u>

<u>Wood</u>, 825 F.2d 90, 97 (5th Cir. 1997).  The apportionment of interests or adjudication of rights

between creditors, when a debtor's property is not involved are non-core matters.  <u>See</u>, <u>e.g.</u>,

<u>Elscint v. First Wisconsin Financial Corp. (In re Xonics, Inc.)</u>, 813 F.2d 127, 130 (7th Cir. 1987);

<u>see</u> <u>also</u> <u>Gardner v. United States (In re Gardner)</u>, 913 F.2d 1515, 1517-18 (10th Cir. 1990).  In

the same vein, any proceeding to dispose of property which is not property of an estate, or to

7

determine interests in non-estate property of non-debtors are non-core matters.  In re Murchison,

54 B.R. 721, 725 (Bankr. N.D. Tex 1985).

It is self-evident from the text of the adversary complaints that Plaintiff's claims do not

fall within the "core of the federal bankruptcy power."  Plaintiff's complaints seek to set aside

mortgages that do not affect property of the estate.  Plaintiff wrongfully attempts to prosecute

claims to challenge mortgages on properties that are not owned by the Adversary Debtors.

Indeed, it is doubtful that a bankruptcy court has any power to adjudicate the lien rights of non-

debtors on real property once, but not currently, owned by a debtor.  It is even less likely that a

bankruptcy court has any authority to set aside transfers of mortgages from one creditor to

another even if the underlying property is owned by a debtor.  While these issues will be briefed

more fully in the Bodden Group's motion to dismiss, they do serve to illustrate the non-core

nature of these complaints.  At most, the Plaintiff's claims have a tangential affect on the

underlying bankruptcy cases, and if the bankruptcy court has any power to affect third-party

rights on non-debtor property, it can only be because these rights "relate to" the bankruptcy.

A finding that these adversary proceedings are at best "related to" proceedings, is

compelled by the rule in this Circuit that a debtor has no legal or equitable interest in any

property which it claims was fraudulently transferred prior to the commencement of a

bankruptcy case.  F.D.I.C. v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 131

(2d Cir. 1992).  In Colonial Realty, supra, the Second Circuit adopted the reasoning of In re

Saunders, 101 B.R. 303, 304-06 (Bankr. N.D. Fla. 1989), concluding that if property that had

been fraudulently transferred was included within the definition of property of the estate under

8

11 U.S.C. § 541(a)(1), section 541(a)(3) would be rendered meaningless.[7]  See also In re Lofton,

246 B.R. 604 (Bankr. E.D. Ark. 2000).  Thus, the Trustee cannot argue that because he has

commenced separate adversary proceedings to avoid the transfers of the properties to which

these mortgages relate, he has a property right in the real estate.

In short, the Trustee's claim that the bankruptcy court has core jurisdiction to void

mortgages on property owned by entities other than an Adversary Debtor has no merit

whatsoever.  28 U.S.C. § 157(b)(2) addresses those matters that are deemed core proceedings.

See 28 U.S.C. § 157(b)(2).  Certainly, the relief requested does not fall within any of the

enumerated core proceedings set forth in 28 U.S.C. § 157(b)(2).  Arguably the most applicable

section, 157(b)(2)(H) ("proceedings to determine, avoid, or recover fraudulent conveyances"),

has never been, to the best of the Bodden Group's knowledge, considered a basis for granting

core status to any complaint to avoid a transfer as to property over which the bankruptcy court

has no jurisdiction.

In the same fashion, these adversary proceedings cannot be construed as core matters

under 28 U.S.C. § 157(b)(2)(A), "matters concerning the administration of the estate."  As the

Second Circuit noted in Orion, supra at 1102, too expansive an interpretation of this section

emasculates the distinctions between core and non-core proceedings, making anything which has

some affect on the administration of the bankruptcy case, core.  This admonition is particularly

relevant here, where the Plaintiff has brought complaints which fundamentally test the limits of a

bankruptcy court's non-core jurisdiction.  If a complaint to avoid a mortgage on property which

is not "property of the estate" is a core matter, then every proceeding is a core proceeding and

---

[7] Section 541(a)(3) provides that any interest in property that the trustee recovers under
section 329(b), 363(n), 543, 550, 553, or 723 constitute property of the estate.  See 11 U.S.C. §
(continued…)

the constitutionally required distinction between core and non-core will cease to exist.

Accordingly, the Court should enter an Order determining that these adversary proceedings are

non-core.

## POINT II

## THIS COURT SHOULD WITHDRAW THE REFERENCE AT THIS TIME AND DIRECT THE ADVERSARY PROCEEDINGS BE LITIGATED BEFORE THE DISTRICT COURT

Under 28 U.S.C. § 157(d), a district court, on its own motion or on timely motion of any

party, may withdraw, in whole or part, any case or proceeding referred to the bankruptcy court

for "cause shown." While the notion of "cause" necessarily leaves a court with some

considerable discretion, that discretion must be exercised consistent with, and is informed by, the

Second Circuit's decision in Orion.

In Orion, as noted previously, the threshold issue to be decided on a motion for

discretionary withdrawal of the reference is whether the matter is core or non-core. Orion

strongly suggests that if a matter is non-core, the reference should be withdrawn unless to do so

would be contrary to notions of judicial economy. See Orion, 4 F.3d at 1101; see also McCord

v. Papantoniou, 316 B.R. 113 (E.D.N.Y. 2004) (citing "judicial economy" for not immediately

withdrawing the reference). The non-core nature of these proceedings, the questionable merits

of the Trustee's claims and the Bodden Group's constitutionally guaranteed right of trial by jury

mandate the withdrawal of the reference. Judicial economy and the resources of the parties will

be best served if the reference is withdrawn now.

---

(…continued)
541(a)(3).

10

The judicial economy factors that may permit a bankruptcy court to retain jurisdiction of a non-core proceeding do not exist here. If the reference were not withdrawn at this juncture, the decision by the bankruptcy court on the Bodden Group's motion to dismiss would necessarily be subject to a <u>de novo</u> review by this Court. Such a procedure would hardly conserve the parties' or the court's resources. This also was one of the key considerations that the Second Circuit referenced in <u>Orion</u> when it instructed the lower courts to first determine whether a proceeding was core or non-core. See <u>Orion</u>, 4 F.3d at 1101.

In addition, the Bodden Group's demand for trial by jury further supports the withdrawal of the reference. The Supreme Court has held that the Seventh Amendment guarantees the right to a jury trial in "suits at common law," which encompasses actions based upon claims of fraudulent conveyances. See <u>Granfinanciera v. Nordberg</u>, 492 U.S. 33, 47-48, 109 S.Ct. 2782 (1989) (holding that defendants who were sued by a chapter 11 trustee to void alleged fraudulent transfers had right to jury trial if they had not filed a proof of claim in the case.) In <u>Granfinanciera</u>, the United States Supreme Court held that an action based on a fraudulent conveyance is an action to recover and/or possess real property which was legal, as opposed to an equitable claim at common law, thus giving rise to a jury trial. See <u>id.</u> at 47-48. Moreover, here, the Trustee seeks monetary damages as an alternative remedy. Claims for money damages are legal claims. See <u>id.</u>; <u>Pereira v. Farace</u>, 413 F.3d 330, 340 (2d Cir. 2005). The Bodden Group's request for a trial by jury is entirely appropriate and warranted under <u>Granfinanciera</u>, particularly when the transfers sought to be avoided, for the most part, do not involve property of a debtor's estate.

While some courts have held that a jury demand may not constitute grounds for an immediate withdrawal of the reference, the facts and circumstances of this case and the non-core

nature of these adversary proceedings require the withdrawal of the reference at this time.  <u>See</u>, e.g., <u>Enron Power Marketing, Inc. v. City of Santa Clara (In re Enron Power Marketing, Inc.)</u>, 2003 WL 68036*10 (S.D.N.Y. 2003).  In deferring a decision to withdraw the reference, courts routinely cite to the increased efficiency of permitting the bankruptcy court to hear pre-trial matters, the remote possibility that the case will ever reach a trial stage or the bankruptcy court's overall familiarity with broader issues in the bankruptcy case.  <u>See</u> <u>id.</u>  Here, however, these concerns do not exist.  There are no pre-trial matters as the cases have just commenced and the merits of the claims can be adjudicated on a motion.

Moreover, to the extent those concerns exist (which they do not), they are substantially outweighed by the questionable nature of the claims set forth in the complaints and the genuine issues concerning the bankruptcy court's jurisdiction over these non-core proceedings.  The Bodden Group has a constitutional right to defend against the Trustee's baseless claims before a jury.  Furthermore, by the time this motion is heard, the Bodden Group will have already served and filed its motion to dismiss the complaints.  Accordingly, the Court should grant the Bodden Group's motion and withdraw the bankruptcy reference at this time.

<u>**CONCLUSION**</u>

The facts and controlling case law support the granting of the Bodden Group's motion. The claims at issue are fundamentally non-core.  The Bodden Group's constitutional right for a trial by jury also mandates the withdrawal of the reference.  In addition, judicial economy and the resources of the parties will be best served if the reference is withdrawn at this juncture.  For all of the foregoing reasons, the Bodden Group respectfully submits that its motion declaring the ten (10) adversary proceedings to be non-core and withdrawing the reference should be granted.

42232/0010-1473813v1

DATED:        New York, New York
              April 13, 2007

                                        COLE, SCHOTZ, MEISEL,
                                        FORMAN & LEONARD, P.A.
                                        A Professional Corporation
                                        Attorneys for Defendants, Bodden Funding
                                        Corp., Jay Irgang, Mark Irgang and Orli Irgang


                                        By:  /s/ Laurence May
                                              Laurence May, Esq. (LM-9714)
                                              Leo V. Leyva, Esq. (LL-9061)
                                              Greg A. Friedman, Esq. (GF-4506)
                                              900 Third Avenue, 16th floor
                                              New York, NY 10022-4728
                                              (212) 752-8000

13